**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| ADEIA SEMICONDUCTOR BONDING TECHNOLOGIES INC., ADEIA SEMICONDUCTOR INC. & ADEIA SEMICONDUCTOR SOLUTIONS LLC, <br><br> PLAINTIFFS, <br><br> v. <br><br> ADVANCED MICRO DEVICES, INC., <br><br> DEFENDANT. | CIVIL ACTION NO.: 7:25-CV-510 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS ADEIA SEMICONDUCTOR BONDING TECHNOLOGIES INC., ADEIA
SEMICONDUCTOR INC. & ADEIA SEMICONDUCTOR SOLUTIONS LLC'S
RESPONSE TO ADVANCED MICRO DEVICES INC.'S
<u>MOTION TO DISMISS UNDER FEDERAL RULE 12(B)(6)</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION .............................................................................................. 1

II.     LEGAL AUTHORITY ....................................................................................... 2

III.    BACKGROUND ................................................................................................. 3

IV.     ARGUMENT ...................................................................................................... 4

    A.    Adeia's post-suit willfulness allegations are dispositive and defeat AMD's
          motion. ........................................................................................................... 4

    B.    Adeia's post-suit inducement allegations are dispositive and defeat AMD's
          motion. ........................................................................................................... 5

    C.    Adeia has adequately pleaded direct infringement. ....................................... 7

        1.    Adeia plausibly alleges infringement of the system claims, and element-
              by-element pleading is not required. ....................................................... 7

        2.    Adeia plausibly pleads that the steps of the method claims are performed by
              or attributable to AMD. .......................................................................... 12

        3.    Adeia pleads sufficient factual support for the limitations of the method
              claims. ..................................................................................................... 14

        4.    To the extent the Court holds any direct infringement pleadings deficient,
              it should grant leave to amend. .............................................................. 20

V.      CONCLUSION ................................................................................................. 20

## **TABLE OF AUTHORITIES**

**Cases**

*BillJCo, LLC v. Apple Inc.*
  583 F. Supp. 3d 769 (W.D. Tex. 2022) ................................................................. 4, 5, 7

*BillJCo, LLC v. Cisco Sys. Inc.*
  No. 2:21-CV-00181-JRG, 2021 WL 6618529 (E.D. Tex. Nov. 30, 2021) .................................. 6

*Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*
  249 F.3d 1341 (Fed. Cir. 2001) ................................................................. 20

*Bot M8 LLC v. Sony Corp. of Am.*
  4 F.4th 1342 (Fed. Cir. 2021) ................................................................. 3, 16, 18, 19

*Buyers Prod. Co. v. CURT Mfg. LLC*
  No. 16-CV-220-WMC, 2017 WL 1498154 (W.D. Wis. Apr. 26, 2017)................................. 16

*Campbell v. Wells Fargo Bank*
  781 F.2d 440 (5th Cir.) ................................................................. 2

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*
  888 F.3d 1256 (Fed. Cir. 2018) ................................................................. 2, 7, 8

*Erickson v. Pardus*
  551 U.S. 89 (2007) ................................................................. 2

*FHE USA LLC v. Lee Specialties Inc.*
  No. 5:18-CV-715-OLG, 2018 WL 11347193 (W.D. Tex. Nov. 27, 2018) ................................. 8

*Glob.-Tech Appliances, Inc. v. SEB S.A.*
  563 U.S. 754 (2011) ................................................................. 6

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*
  313 F.3d 305 (5th Cir. 2002) ................................................................. 20

*Greenthread, LLC v. Dell Inc.*
  No. 6:22-CV-00105-ADA, 2022 WL 22869761 (W.D. Tex. Dec. 21, 2022)........................... 12

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*
  681 F.3d 1323 (Fed. Cir. 2012) ................................................................. 2

*Johnson v. City of Shelby, Miss.*
  574 U.S. 10 (2014) ........................................................................................ 2

*KIPB LLC v. Samsung Elecs. Co.*
  No. 2:19-CV-00056-JRG-RSP, 2020 WL 1500062 (E.D. Tex. Mar. 9, 2020) ........................... 5

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*
  714 F.3d 1277 (Fed. Cir. 2013) ..................................................................... 3, 14

*Kyowa Hakko Bio Co., Ltd. v. Ajinomoto Co., Inc.*
  No. CV 17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) ................................................ 20

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*
  869 F.3d 1372 (Fed. Cir. 2017) ........................................................................ 3

*Lionra Techs. Ltd. v. Apple Inc.*
  No. 6:22-CV-351-ADA, 2023 WL 11915728 (W.D. Tex. May 10, 2023) ............................... 12

*Lyda v. CBS Corp.*
  838 F.3d 1331 (Fed. Cir. 2016) ....................................................................... 13

*Muniz v. Davis*
  No. A-13-CV-666-LY, 2014 WL 4259385 (W.D. Tex. Aug. 27, 2014) ............................... 15, 16

*Nalco Co.v. Chem-Mod, LLC*
  883 F.3d 1337 (Fed. Cir. 2018) ..................................................................... 2, 7

*Palisade Techs., LLP v. Micron Tech., Inc.*
  No. 7:24-CV-00262, Dkt. 55 (W.D. Tex. Jul. 24, 2025) ................................................. 11

*RightQuestion, LLC v. Samsung Elecs. Co.*
  No. 2:21-CV-00238-JRG, 2022 WL 507487 (E.D. Tex. Feb. 18, 2022) ...................................... 6

*Sensor Elec. Tech., Inc. v. Lite-On Tech. Corp.*
  No. 6:21-CV-322-ADA, 2022 WL 22879658 (W.D. Tex. Aug. 22, 2022) ............................... 8, 9

*Skinner v. Switzer*
  562 U.S. 521 (2011) ..................................................................................... 2

*Stone v. Life Partners Holdings, Inc.*
  26 F. Supp. 3d 575 (W.D. Tex. 2014) ........................................................ 15, 16, 18

*Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*
   620 F. Supp. 3d 557 (W.D. Tex. 2022) ............................................................ passim

*Unification Techs. LLC v. Dell Techs., Inc.*
   No. 6:20-CV-00499-ADA, 2021 WL 1343188 (W.D. Tex. Jan. 28, 2021) .............................. 18

*Vervain, LLC v. Micron Tech., Inc.*
   No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ................................ 11, 12

**Statutes**

35 U.S.C. 271(g) ......................................................................................... 19

**Rules**

Fed. R. Civ. P. 8 ...................................................................................... 8, 16, 20

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................... 20

## I.    INTRODUCTION

AMD's motion to dismiss asks this Court to do something the Federal Rules and binding precedent forbid: weigh competing technical interpretations, require annotated element-by-element mapping, and demand comprehensive proof of infringement before discovery. The Court should decline that invitation.

AMD's motion opens by attacking pre-suit willfulness and pre-suit inducement allegations that do not exist. Adeia does not plead pre-suit willfulness, and the Complaint nowhere purports to do so. By parsing willfulness and inducement into pre- and post-suit theories, AMD constructs a strawman and then devotes pages to dismantling it. That exercise is unnecessary and beside the point. The Complaint alleges willful infringement and inducement based on AMD's continued conduct after service of a detailed pleading—and that is sufficient.

Nor is the Complaint the "conclusory" pleading AMD characterizes it to be. It spans more than eighty pages, identifies specific accused AMD products, and provides detailed, element-by-element analyses supported by AMD's own technical documents, public disclosures, and evidence derived from physical chip teardowns and microscopy. The Complaint explains precisely how AMD's EPYC™, Ryzen™, Instinct™, and Radeon™ processors infringe six asserted patents—covering hybrid bonding, vertically stacked dies, contractor-directed manufacturing, and advanced process-node fabrication. That is more than Rule 8 requires.

As a result, AMD resorts to trying to raise the bar on the required pleading standard, demanding expert-level image interpretation and pleading of specific facts regarding the details of AMD's confidential manufacturing processes—all without the benefit of discovery. But a plaintiff need only provide fair notice of its infringement theory; it need not prove its case, marshal expert testimony, or plead confidential factual details uniquely within a defendant's

control.  Because Adeia has plausibly alleged direct and indirect infringement under *Twombly* and *Iqbal*, AMD's motion should be denied.

## II.    LEGAL AUTHORITY

Federal Rule of Civil Procedure 8(a)(2) "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, showing that the plaintiff is entitled to relief." *Nalco Co.v. Chem-Mod, LLC*, 883 F.3d 1337, 1346 (Fed. Cir. 2018) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).  The Rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014).

"The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir.).  "This plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (ellipses in original).

A plaintiff "need not prove its case at the pleading stage." *Nalco*, 883 F.3d at 1350 (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).  Furthermore, a plaintiff is not required to plead infringement on an element-by-element basis. *Id*. ("[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met."); *see Disc Disease*, 888 F.3d at 1260 (finding that a plaintiff need not plead every element, but must only give the alleged infringer fair notice of infringement).  Instead, it is enough "that a complaint place the alleged

infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). As the Federal Circuit explained, "[t]o the extent district courts have previously adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (internal citation omitted).

## III.    BACKGROUND

Adeia filed the challenged Complaint on November 3, 2025, asserting six patents against AMD. The Complaint explains AMD's infringing conduct in the context of specific patented technologies—*e.g.*, hybrid bonding and advanced process node fabrication—and identifies the accused products at issue. Dkt. No. 1 ("Compl.") ¶¶ 6, 35–39.

The Complaint does not stop at naming products; it provides element-by-element infringement analyses for each asserted claim for each asserted patent. For example, with respect to the '378 patent, the Complaint walks through individual claim elements and maps them to exemplary products, citing diagrams and sources such as articles on AMD technical presentations (*id.* ¶¶ 79–91). The Complaint provides similar detail for the '226 patent—explaining how AMD's MI300A implements stacked die bonding and thinning processes (*id.* ¶¶ 112–121)—and for the '010 patent—showing vertical die stacking and hybrid bonding in AMD's 3D processors (*id.* ¶¶ 141–151). The Complaint further describes FinFET structures and multi-patterning processes in AMD's products, supported by industry literature, AMD technical papers, and microscopy images (*id.* ¶¶ 172–224, 243–256).

The Complaint pleads vicarious liability by detailing AMD's control over subsidiaries, foundry partners, and assembly facilities. *Id.* ¶¶ 40–70.

## IV.    ARGUMENT

AMD's motion proceeds in three parts: (1) a pre-suit willfulness challenge, (2) a pre-suit inducement challenge, and (3) a direct infringement challenge.  But the Court need not reach AMD's first two challenges because Adeia's well-pleaded post-suit willfulness and inducement allegations independently defeat AMD's challenges.  And the third challenge largely ignores and minimizes the allegations in the Complaint, while simultaneously demanding far more than the law requires at the pleading stage.

### A.    Adeia's post-suit willfulness allegations are dispositive and defeat AMD's motion.

In *BillJCo*, this Court held that "[s]erving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct.  So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will . . . sufficiently plead a post-filing/post-suit willful infringement claim."  *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 778 (W.D. Tex. 2022).  Adeia's Complaint does the same, listing the Asserted Patents, providing element-by-element analysis and allegations to support direct and indirect infringement, and branding AMD's continued infringement as "willful and egregious."  Compl. ¶¶ 101, 131, 161, 200, 234, 265.  Under these facts, post-suit willfulness is plausible.  *BillJCo*, 583 F. Supp. 3d at 778 (holding allegations that defendant continued to purportedly infringe is sufficient); *see also Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 565 (W.D. Tex. 2022) (holding "filing of the Complaint establishes notice required for a plausible inference of willfulness").

As "willfulness may be based solely on post-filing conduct," *id.*, Adeia's sufficient allegations for post-suit infringement dispose of AMD's attempt to dismiss willfulness from this case, and the Court need not address AMD's remaining arguments.  *See In re Taasera*, No. 2:22-

CV-00063-JRG, 2023 WL 2465584, at *3 ("The Court need not distinguish between pre- and post-suit knowledge to resolve the present Motion at this juncture."); *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00056-JRG-RSP, 2020 WL 1500062, at *4 (E.D. Tex. Mar. 9, 2020) (explaining that even if the defendant did not have notice before the complaint was filed, it *did* have notice as of the filing of the complaint, and that notice combined with an allegation of continued infringement was sufficient to dispose of motion to dismiss), *report and recommendation adopted*, No. 2:19-CV-56-JRG-RSP, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020). And notably, AMD's motion expressly does not challenge Adeia's pleading of post-suit willfulness. Mot. at 1 n.1 (stating that AMD's "motion is limited to pre-suit claims").

Regardless, even if the Court were inclined to dismiss pre-suit willfulness—which Adeia did not expressly plead—the dismissal should be without prejudice, allowing Adeia to amend its Complaint during fact discovery to add such claims if necessary. *See BillJCo*, 583 F.Supp.3d at 782 (recognizing that fact discovery may be necessary for a plaintiff to allege pre-suit knowledge); *see also Textile Comput.*, 620 F. Supp. 3d at 565 (describing the "usual practice" of dismissal without prejudice for willfulness claims).

### B.    Adeia's post-suit inducement allegations are dispositive and defeat AMD's motion.

In *BillJCo*, the court also rejected the proposition that "[p]re-suit knowledge of the asserted patents is a requirement of an indirect infringement claim." *BillJCo*, 583 F.Supp.3d at 779. Knowledge from the complaint is adequate. *Id.* at 779–780. Adeia's Complaint provides this knowledge. Compl. ¶¶ 96, 126, 156, 195, 229, 260.

Adeia also sufficiently pleads specific intent to encourage acts that constitute infringement. The Complaint identifies the specific entities that AMD induces to perform the infringing steps of the asserted method claims. For example, for the '378 patent, Adeia alleges

that the Accused HB Products are manufactured using the infringing hybrid-bonding method and

that AMD induces its Wafer Foundry Facilities, ATMP Facilities, Shipping Facilities, and AMD

customers to make, package, and import those products into the United States.  *Id.* ¶¶ 78–97.

Adeia further supports specific intent through explaining AMD's foundry arrangements,

partnerships and shipping arrangements with these entities, *id.* ¶¶ 50–52, as well as detailing how

AMD is involved in controlling, authorizing, approving, and conditioning benefits on infringing

performance from these entities.  *Id.* ¶¶ 54–58.  These allegations—combined with detailed

element-by-element infringement contentions—are more than sufficient to plead specific intent

under established precedent.  *See Textile Comput.*, 620 F. Supp. 3d at 565 ("An allegation that a

party, upon having knowledge of the patent and the alleged infringing acts, provided instructions

on how to use a product in an infringing manner is sufficient to show a specific intent to induce

infringement.").  These allegations likewise support allegations of willful blindness that serve to

satisfy this requirement.  *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766–71 (2011).

     AMD also faults Adeia for allegedly failing to plausibly allege an underlying act of

infringement.  As discussed below in Section IV.C, this is incorrect.

     As induced infringement may be based solely on post-filing conduct, Adeia's sufficient

allegations for post-suit infringement dispose of AMD's attempt to dismiss willfulness from this

case, and the Court need not address AMD's remaining arguments and parse between pre-suit

and post-suit conduct.  *BillJCo, LLC v. Cisco Sys. Inc.*, No. 2:21-CV-00181-JRG, 2021 WL

6618529, at *6 (E.D. Tex. Nov. 30, 2021) ("The Complaint therefore provides Defendants the

requisite notice of the Asserted Patents to support a claim of indirect infringement at least as of

the time the Complaint was filed."); *see also RightQuestion, LLC v. Samsung Elecs. Co.*, No.

2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022).  As with willfulness,

AMD elected not to challenge Adeia's pleading of post-suit inducement.  Mot. at 1 n.1 (stating

that AMD's "motion is limited to pre-suit claims").

Finally, even if the Court were inclined to dismiss pre-suit inducement—which Adeia did

not expressly plead—the dismissal should be without prejudice, allowing Adeia to amend its

Complaint during fact discovery to add such claims if necessary.  *See BillJCo*, 583 F.Supp.3d at

782 (recognizing that fact discovery may be necessary for a plaintiff to allege pre-suit

knowledge); *see also Textile Comput.*, 620 F. Supp. 3d at 565 (describing the "usual practice" of

dismissal without prejudice for inducement claims).

### C.    Adeia has adequately pleaded direct infringement.

Direct infringement at the pleading stage requires only that the Complaint plausibly

allege that the accused products practice the asserted claims in a way that gives defendant fair

notice of the infringement theory.  *Nalco Co.*, 883 F.3d at 1346; *Disc Disease*, 888 F.3d at 1259–

60.  The law does not require evidentiary proof, annotated diagrams, or documentation showing

AMD's confidential processes for making its products.  Adeia's Complaint far exceeds what Rule

8 requires: it identifies the accused AMD products, provides detailed technical allegations

supported by advanced microscopy imaging (*e.g.*, SEM/TEM imaging), cites AMD's own

technical documents and presentations, and supplies element-by-element analyses explaining

how the accused structures and processes satisfy each limitation.  AMD's contrary arguments

look past most of this, demanding additional annotations and raising additional implausibility

arguments that cannot be resolved on the pleadings.

### 1.    Adeia plausibly alleges infringement of the system claims, and element-by-element pleading is not required.

AMD insists that Adeia's Complaint is deficient because it fails to map every element to

a specific feature of an accused product.  Mot. 9–10.  It specifically faults Adeia for failing to

provide annotated details of the evidence it relies on to show each callout to different portions of the claim elements.  Mot. 10–13.  However, the Federal Circuit has expressly rejected "a blanket element-by-element pleading standard for patent infringement" because it "is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*."  *Bot M8*, 4 F.4th at 1352.  The standard merely requires that the pleadings "give the defendant fair notice of what the . . . claim is and the ground upon which it rests."  *Disc Disease*, 888 F.3d at 1260.

Adeia's Complaint goes well beyond these requirements.  It provides element-by-element analyses for each asserted claim, pairing each limitation with written explanation and supporting technical evidence.  *See* Compl. ¶¶ 80–94, 112–124, 141–154, 172–193, 210–225, 243–258.  Adeia relies primarily on physical AMD chips, including microscopy imaging illustrating structures in the accused products at a scale of 1/10,000,000 of a meter, *id.* ¶¶ 173–176, 185–186, 190, 211–224, 244–256, as well as AMD white papers, presentations, and relevant technical literature.  *Id.* ¶¶ 80–94, 112–124, 142–154, 177–180, 188, 244.  Courts in this District routinely hold that allegations of this nature easily satisfy Rule 8.  *See FHE USA LLC v. Lee Specialties Inc.*, No. 5:18-CV-715-OLG, 2018 WL 11347193, at *2 (W.D. Tex. Nov. 27, 2018) (holding the amended complaint was sufficient where it "identifies the accused product and describes the patents it allegedly infringes and the manner in which it allegedly does so"); *Sensor Elec. Tech., Inc. v. Lite-On Tech. Corp.*, No. 6:21-CV-322-ADA, 2022 WL 22879658, at *3–5 (W.D. Tex. Aug. 22, 2022) (holding that images of semiconductor device with details down to 1/1000th of a meter paired with "statements alleging the presence of the elements from claim 1 of each Patent" was sufficient).

**'592 Patent, Claim 1.**  AMD asserts that Adeia's allegations regarding the "insulating liner" limitation fail because they are conclusory and because the Complaint does not annotate

the image, including "insulating liner," "endwall", "substrate" and "top of the adjacent gate spacer." Mot. 10–11. But the Complaint provides more than enough specificity to provide fair notice by (1) identifying the product; (2) providing a precise image of exemplary structures in the product; and (3) providing an analysis of what is shown therein: (1) AMD FinFETs made using a 3nm process (Compl. ¶¶ 39, 241); (2) a TEM image of an exemplary product (AMD EPYC 9645) at a scale of 1/10,000,000 of a meter showing a specific portion with the relevant structures (*id.* ¶ 254); and (3) an allegation that analysis of the product shows the insulating liner, the endwalls, the substrate, and the gate spacer (*id.*). That is more than enough detail for fair notice. *Sensor Elec.*, 2022 WL 22879658, at *3–5. AMD's disagreement with the inference to be drawn from the image and allegations does not defeat plausibility.

**'010 Patent, Claim 1.** AMD likewise argues that Adeia's allegations concerning the "wherein the first processor core is electrically connected" limitation are deficient because they are purportedly conclusory, lack annotations identifying the "first processor core," the "first cache," and the "directly bonded metal contact pads," and fail to show any "overlap." Mot. 12–13. That argument is incorrect.

The Complaint squarely identifies the Accused Products, including the AMD MI300A, and explains that this exemplary product includes a first integrated circuit die comprising a processor core. Compl. ¶¶ 140, 144. Adeia supports this allegation with an image from AMD's own technical materials showing XCD and CCD dies that include processor cores. *Id.* ¶ 144.

| Table 2. AMD Instinct™ MI300 Series accelerators specifications and features | | | |
|---|---|---|---|
| | **AMD Instinct MI300A APU** | **AMD Instinct MI300X GPU** | **AMD Instinct MI325X GPU** |
| **ARCHITECTURE** | **AMD CDNA 3** | **AMD CDNA 3** | **AMD CDNA 3** |
| ACCELERATED COMPLEX DIES (XCD) | 6 | 8 | 8 |
| COMPUTE UNITS | 228 | 304 | 304 |
| STREAM PROCESSORS | 14,592 | 19,456 | 19,456 |
| MATRIX CORES | 912 | 1,216 | 1,216 |
| MAX ENGINE CLOCK (PEAK) | 2,100 MHz | 2,100 MHz | 2,100 MHz |
| AMD "ZEN 4" CPU CHIPLETS (CCD) | 3 | NA | NA |
| TOTAL "ZEN 4" X86 CORES | 24 | NA | NA |

The Complaint likewise alleges that the AMD MI300A includes a second integrated circuit die comprising a first cache and illustrates this limitation with images of, for example, an I/O Die (IOD) incorporating AMD's Infinity Cache.  *Id.* ¶ 146.  It further alleges that the first cache (*e.g.*, IOD cache) vertically overlaps with at least a portion of the first processor core (*e.g.*, XCD or CCD processor cores) and provides imagery illustrating an overlapping area.  *Id.* ¶ 148.



Finally, the Complaint alleges that the first processor core is electrically connected to the first cache through at least one of a plurality of directly bonded metal contact pads disposed within the overlapping area, again supported by accompanying imagery illustrating bonding between XCD/CCD and IOD.  *Id.* ¶¶ 149–152.



Source: Marco Chiappetta, *AMD Instinct MI300 Series Architecture Deep Dive Reveal: Advancing AI And HPC*, Hᴏᴛʜᴀʀᴅᴡᴀʀᴇ (Dec. 6, 2023 at 15:00 EDT), https://hothardware.com/reviews/amd-instinct-mi300-family-architecture-advancing-ai-and-hpc.

Taken together, these factual allegations fairly identify the accused product, describe the relevant structures, and explain how they satisfy the claim limitation. AMD's disagreement with Adeia's technical interpretation does not defeat plausibility at the pleading stage.

AMD's reliance on *Palisade* and *Vervain* to argue for a heightened pleading standard with additional evidence and annotations is misplaced. Mot. 9–11, 13. *Palisade* expressly held that identifying a particular feature in a particular accused product is sufficient at the pleading stage, which is exactly what Adeia does by identifying specific AMD products and providing technical evidence pinpointing exemplary infringing structures. *Palisade Techs., LLP v. Micron Tech., Inc.*, No. 7:24-CV-00262, Dkt. 55 at 5 (W.D. Tex. Jul. 24, 2025). *Vervain* likewise does not impose the heightened standard AMD suggests; it involved two claim limitations that the complaint itself characterized as the point of novelty and for which no plausible factual support was alleged. *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *6 (W.D. Tex. Jan. 3, 2022). Adeia's Complaint, by contrast, provides supporting evidence and technical analysis for every asserted limitation and makes no such point-of-novelty assertions.

Consistent with that distinction, courts in this District have declined to impose a heightened pleading standard post-*Vervain* for claims involving the physical architecture and operation of processors. *See Lionra Techs. Ltd. v. Apple Inc.*, No. 6:22-CV-351-ADA, 2023 WL 11915728, at *2 (W.D. Tex. May 10, 2023) (distinguishing *Vervain* because the technology here relates to "physical architecture and operation of . . . processors"); *Greenthread, LLC v. Dell Inc.*, No. 6:22-CV-00105-ADA, 2022 WL 22869761, at *2–3 (W.D. Tex. Dec. 21, 2022) (declining to impose heightened standard even for "key claim elements that the patent office relied on when it issued the six patents-in-suit"). Adeia's allegations comfortably satisfy Rule 8.

### 2. Adeia plausibly pleads that the steps of the method claims are performed by or attributable to AMD.

AMD argues that Adeia fails to allege direct infringement because the Complaint purportedly does not plead that AMD performs the steps of any Method Patent. Mot. 13. That is incorrect. The Complaint alleges that AMD makes the Accused Products and does so, at least in part, through operations in its Austin locations. Compl. ¶¶ 20, 33, 35, 77, 109, 168, 208, 241. Although the Complaint also alleges that AMD uses third-party foundries and AMTP partners, nothing in the pleading suggests that those entities exclusively perform the accused manufacturing processes. At the pleading stage, these allegations plausibly support the inference that the steps of the asserted method claims are performed by, or attributable to, AMD.

AMD next argues that Adeia fails to plead attribution because it does not identify which third parties perform which steps and relies on "threadbare" allegations of direction and control. Mot. 13–14. Wrong again. Adeia expressly identifies relevant third parties: TSMC, GLOBALFOUNDRIES Inc. (GF), United Microelectronics Corporation (UMC), and Samsung Electronics Co., Ltd. (Collectively Wafer Foundry Facilities); Tongfu Microelectronics Co., Ltd., Siliconware Precision Industries Ltd. (SPIL) and King Yuan Electronics Company (KYEC)

(Collectively, ATMP Facilities); and AMD's shipping partners and distributors to import the Accused Products into the United States. Compl. ¶¶ 50–52. Far from offering conclusory assertions, the Complaint pleads concrete facts establishing AMD's control and coordination— alleging foundry arrangements with TSMC, UMC, and Samsung, a Wafer Supply Agreement with GF, a joint venture with the ATMP Facilities, and coordinated relationships with shipping partners and distributors. *Id.* ¶¶ 50–51. It further explains that AMD directs and controls the actions and performance of, authorizes the actions and performance of, approves the actions and performance of, conditions benefits on the performance of infringing activities derived by, and specifies the timing and manner of the performance of infringing activities by Wafer Foundry Facilities, ATMP Facilities, and Shipping Facilities. *Id.* ¶¶ 54–58.

These allegations comfortably satisfy the pleading standard. For example, they are stronger than those found sufficient in *Textile Computer Systems*, 620 F. Supp. 3d at 563–64, where even the implication of a contractual relationship supported direction or control under the test set forth in *Lyda v. CBS Corp.,* 838 F.3d 1331 (Fed. Cir. 2016). The Complaint also plausibly pleads a joint enterprise, expressly alleging joint ventures with ATMP entities engaged in the production of AMD products. *Compl.* ¶ 51; *see also Textile Computer Sys.*, 620 F. Supp. 3d at 563–64. Contrary to AMD's assertion, this case thus bears no resemblance to *Lyda*, where the complaint failed to allege any relationship connecting the defendant to the purported third-party actors. 838 F.3d at 1340; *see* Mot. 14–15.

### 3.    Adeia pleads sufficient factual support for the limitations of the method claims.

AMD argues that four limitations are not plausibly pleaded at least in part because the allegations cannot show the process steps used to create the final AMD products.[1]  AMD's argument is meritless.  Adeia's allegations are more than sufficient to plausibly suggest infringement and provide fair notice at the pleading stage, as explained in detail below for each challenged claim.  To the extent AMD contends that Plaintiff must plead facts so detailed that they would require knowledge of AMD's confidential manufacturing processes or proprietary techniques, that contention is improper as a matter of law.  As the Federal Circuit has squarely held, "a defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible," nor is a defendant insulated from liability merely because infringement occurs through a system or method rather than a tangible device.  *K-Tech Telecomms*, 714 F.3d at 1286.

**'378 Patent, Claim 1.**  The Complaint alleges that the AMD EPYC™ 9684X is an Accused HB Product and describes how it is constructed by integrating a first element having one or more copper contact structures with a second element likewise having copper contact structures.  Compl. ¶ 81.  The Complaint further explains that the EPYC™ 9684X is made by forming a via in the first element, filling that via with a conductive material such as copper, exposing the conductive fill, and forming the contact structure, all prior to bonding.  *Id.* ¶¶ 83–90.  These allegations are supported by imagery illustrating the bonded elements and the presence of vias and conductive material within those elements.

---

[1] AMD also faults Adeia for not expressly alleging any entity that performs the asserted method claims.  Mot. 15.  Not so.  As explained immediately above, the Complaint alleges that AMD itself performs the accused methods or, in the alternative, that the activities of third parties—such as the Wafer Foundry Facilities, ATMP Facilities, and Shipping Facilities—are attributable to AMD.



AMD responds with conclusory attorney argument, asserting that the cited image "cannot" support a plausible inference that the via was formed and filled before forming the contact structure. Mot. 15–16. But AMD offers no basis for its attorney argument. And even if it had, such a dispute cannot be resolved on a motion to dismiss, where all the allegations must be accepted as true and all inferences drawn in Adeia's favor. Whether a semiconductor cross-section plausibly supports an inference about process sequencing is a classic question for expert testimony, not legal argument.

Courts in this District have rejected similar tactics. In *Stone v. Life Partners Holdings, Inc.*, 26 F. Supp. 3d 575, 602 (W.D. Tex. 2014), the court found "unpersuasive" a defendant's claim that its reading of data disproved the complaint's allegations, holding that such disputes are "properly presented at a later stage" through expert testimony. *Id.* at 603. Likewise here: "expert opinion . . . is only properly considered at the summary judgment stage." *Muniz v. Davis*, No. A-13-CV-666-LY, 2014 WL 4259385, at *4 (W.D. Tex. Aug. 27, 2014). And AMD's assertion that the image cannot plausibly support prior bonding "require[s] expert testimony from

engineers, and not the lawyers for the parties." *Buyers Prod. Co. v. CURT Mfg. LLC*, No. 16-CV-220-WMC, 2017 WL 1498154, at *3 (W.D. Wis. Apr. 26, 2017).

**'639 Patent, Claim 9.** AMD's motion mischaracterizes both the law and the Complaint with respect to the "concurrently forming spacers" limitation. It asserts that Adeia's allegations fail because the cross-section images are unannotated and cannot plausibly support concurrent formation of spacers. Mot. 16–17. That is wrong on both counts. Annotations, like element-by-element analysis, are not required in the Complaint. *See Bot M8*, 4 F.4th at 1352 (rejecting any "blanket element-by-element pleading standard" and requiring only factual allegations that make infringement plausible). And the allegations, taken as true, provide fair notice and plausibly allege infringement—and more.

The Complaint identifies an exemplary Accused APN Product—the AMD Ryzen™ 7600—and includes a cross-section image of an SRAM memory cell array with a 2-2-1 fin pattern at the 5nm and 4nm nodes, precisely where the accused process occurs on a scale of 1/10,000,000 of a meter. Compl. ¶¶ 212, 214. Using that precise image, the Complaint explains that analysis reveals first and second mandrel patterns evident between the fins (*id.* ¶¶ 214, 216) and further shows concurrently formed spacers on those mandrels, later transferred to the fin pattern in the final product (*id.* ¶ 218). AMD may dispute that analysis, but disagreement is not a basis for dismissal. A defendant cannot defeat a well-pleaded complaint by offering its own interpretation of complex technical evidence—interpretation that belongs to expert testimony, not attorney argument.

Courts in this District have rejected defendants' attempts to dismiss infringement claims based on competing interpretations of technical imagery. *Stone*, 26 F. Supp. 3d at 602–03; *Muniz*, 2014 WL 4259385, at *4. The Complaint here does exactly what Rule 8 requires: it

provides detailed, fact-based allegations grounded in technical analysis that render infringement plausible.  That is more than enough to cross the pleading threshold.

   **'226 Patent Claim 1.**  AMD argues that Adeia's allegations fail because the cited evidence cannot support a plausible inference and because a YouTube video allegedly contradicts the claim requirement that thinning occurs *after* bonding.  Mot. 17–18.  Neither argument withstands scrutiny.  The Complaint does far more than recite claim language—it provides detailed analysis of AMD's MI300A.  The Complaint explains that the product is constructed by directly bonding singulated integrated device dies to a carrier and that, after bonding, AMD thins the plurality of singulated dies.  *Id.* ¶¶ 115, 117.  This pleading is supported by images of AMD's 3D-integrated chips, including the bonding and profile of Core Complex Dies (CCDs) and I/O Dies (IODs) in the MI300 family.  *Id.*



Adeia even cites AMD's own public statements, including a YouTube video explaining that AMD engages in thinning to reduce die profile.  *Id.* ¶ 117.

AMD's first contention—that these allegations cannot support plausibility—misstates the standard. At this stage, Adeia need not prove its case; it need only allege facts that make infringement plausible. *Bot M8*, 4 F.4th at 1353. The Complaint does exactly that. AMD's disagreement with Adeia's interpretation of technical evidence is not a basis for dismissal. *Stone*, 26 F. Supp. 3d at 602–03; *Muniz*, 2014 WL 4259385, at *4.

AMD's second contention—that the YouTube video supposedly contradicts Adeia's allegations—fares no better. The video confirms AMD uses thinning to reduce die height, consistent with Adeia's theory that thinning follows bonding in the MI300 family. AMD offers no explanation for how adding an L3 V-Cache to a Zen3 die negates Adeia's analysis—it does not. In order to create a non-infringement argument based on the sequence of bonding and thinning discussed in the video, AMD seems to be trying to suggest that its process contains only a single bonding step and a single thinning step. Those are not facts that Adeia has pleaded. At the pleading stage, Adeia's pleading—not AMD's attorney argument—must be accepted as true and all inferences drawn in Adeia's favor. At most, AMD raises a potential factual dispute about process sequencing, which is precisely the type of issue reserved for expert testimony. Further, a "12(b)(6) motion is not the appropriate procedure for identifying inconsistent direct infringement contentions, those are premature assertions that are best addressed in claim construction or non-infringement positions." *Unification Techs. LLC v. Dell Techs., Inc.*, No. 6:20-CV-00499-ADA, 2021 WL 1343188, at *3 (W.D. Tex. Jan. 28, 2021). Taken together, Adeia's allegations provide fair notice and a plausible inference that AMD performs the claimed method.

**'446 Patent Claim 1.** AMD contends that Adeia fails to plausibly plead the "lithographically patterning a photoresist" limitation because the Complaint cites an article describing an SAQP process without alleging a direct connection to AMD. Mot. 18–19. That

argument misses the mark.  At this stage, the question is not whether Adeia proves AMD uses

SAQP, but whether the allegations provide fair notice and a plausible inference of infringement.

*Bot M8*, 4 F.4th at 1352–53.  AMD does not—and cannot—dispute that the Complaint explains

how Adeia contends the Accused Products meet this limitation.  That is all Rule 8 requires.

The Complaint does more than cite an article—it ties the SAQP process directly to

AMD's products.  It analyzes a cross-section of a semiconductor substrate at a scale of

1/20,000,000 of a meter and explains that the image is indicative of a self-aligned quadruple

patterning (SAQP) process.  Compl. ¶ 176.  It then uses an exemplary SAQP process flow from a

technical article to illustrate how AMD's own Ryzen™ 5 3600X Zen2 Processor is manufactured

by lithographically patterning a photoresist on the cap layer to form a first mandrel pattern

consisting of first and second mandrel shapes.  *Id.* ¶¶ 179–180.  This is not speculation—it is a

coherent, technically grounded explanation that connects the process to AMD's accused product.

That linkage provides fair notice and supports a plausible inference of infringement.

Finally, AMD argues that Adeia's § 271(g) allegations fail because the Complaint does

not plausibly suggest that the accused product or process meets each limitation and does not

allege facts showing the accused products were not materially changed or did not become trivial

components of a larger product.  Mot. 19–20.  Not so.  As explained above, the Complaint more

than satisfies the pleading standard by alleging that AMD's products are made using patented

processes and then imported, sold, or used in the United States.

Moreover, AMD's argument misstates the law.  The "materially changed" and "trivial

component" provisions in § 271(g) are not elements of a plaintiff's claim—they are statutory

exceptions that operate as defenses.  Courts have consistently held that these issues are not for

resolution at the pleading stage.  *Kyowa Hakko Bio Co., Ltd. v. Ajinomoto Co., Inc.*, No. CV 17-

313, 2018 WL 834583, at *9 (D. Del. Feb. 12, 2018) (holding that § 271(g)(1) limits on liability are "defenses" and that whether a product is materially changed is a factual question inappropriate for Rule 12(b)(6)); *see also Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1352 (Fed. Cir. 2001) ("Whether a change in a product is material is a factual determination, and is properly for the trier of fact."). Adeia is not required to plead facts negating these defenses.

### 4. To the extent the Court holds any direct infringement pleadings deficient, it should grant leave to amend.

To the extent the Court finds that Adeia's direct infringement allegations are in any way insufficient, Adeia requests leave to file an amended complaint. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Adeia went to considerable lengths to marshal publicly available technical evidence and physical analysis of accused AMD products, pleading detailed, element-by-element allegations that already exceed Rule 8's notice requirements as applied by courts in this District. Dismissal at this stage would elevate the form of pleading over the merits of the case. Nevertheless, no aspects of AMD's challenges are insurmountable by amended pleadings. Thus, Adeia respectfully requests, alternatively, the opportunity to amend its Complaint to cure any perceived defects.

## V. CONCLUSION

For the foregoing reasons, AMD's motion to dismiss should be denied in its entirety.

DATED: January 22, 2026                    Respectfully submitted,

                                           */s/Bradley W. Caldwell*
                                           Bradley W. Caldwell
                                           Texas Bar No. 24040630
                                           Email: bcaldwell@caldwellcc.com
                                           Jason D. Cassady
                                           Texas Bar No. 24045625
                                           Email: jcassady@caldwellcc.com
                                           John Austin Curry
                                           Texas Bar No. 24059636
                                           Email: acurry@caldwellcc.com
                                           Robert Seth Reich, Jr.
                                           Texas Bar No. 24088283
                                           Email: rreich@caldwellcc.com
                                           Brian D. Johnston (*pro hac vice* pending)
                                           Texas Bar No. 24080965
                                           Email: bjohnston@caldwellcc.com
                                           Andrew T. Langford
                                           Texas Bar No. 24087886
                                           Email: alangford@caldwellcc.com
                                           Eric M. Horsley (*pro hac vice* pending)
                                           Texas Bar No. 24131396
                                           Email: ehorsley@caldwellcc.com
                                           Bjorn A. Blomquist
                                           Texas Bar No. 24125125
                                           Email: bblomquist@caldwellcc.com
                                           **CALDWELL CASSADY CURRY P.C.**
                                           2121 N. Pearl Street
                                           Suite 1200
                                           Dallas, Texas 75201
                                           Telephone: (214) 888-4848
                                           Facsimile: (214) 888-4849

                                           Jennifer D. Cieluch
                                           **ALSTON & BIRD LLP**
                                           90 Park Avenue
                                           New York, NY 10016
                                           (212) 210-9400

                                           Adam D. Swain
                                           **ALSTON & BIRD LLP**
                                           950 F Street NW
                                           Washington, DC 20004
                                           (202) 239-3300

                                           John D. Haynes
                                           Nicholas T. Tsui
                                           **ALSTON & BIRD LLP**
                                           1201 West Peachtree Street, Suite 4900
                                           Atlanta, GA 30309
                                           (404) 881-7000

Stephen R. Lareau
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street
Suite 300
Charlotte, NC 28203-6818
(704) 444-1000

Mark D. Siegmund
Texas Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas
76710
Phone: (254) 732-2242
Fax: (866) 627-3509
msiegmund@cjsjlaw.com

*Counsel for Plaintiffs Adeia Semiconductor Bonding Technologies Inc., Adeia Semiconductor Inc., and Adeia Semiconductor Solutions LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22, 2026, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

/s/Bradley W. Caldwell
Bradley W. Caldwell