**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| ADEIA SEMICONDUCTOR BONDING TECHNOLOGIES INC., ADEIA SEMICONDUCTOR INC. & ADEIA SEMICONDUCTOR SOLUTIONS LLC, | Civil Action No. 7:25-CV-00510-DC-DTG |
| *Plaintiffs*, | |
| v. | |
| ADVANCED MICRO DEVICES, INC., | |
| *Defendant*. | |

## <u>ADVANCED MICRO DEVICES INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF</u>

# TABLE OF CONTENTS

Page

I.    Introduction ................................................................................................................ 3

II.    Argument .................................................................................................................... 4

    A.    Adeia Has Abandoned its Pre-Suit Willfulness and Pre-Suit Induced Infringement Claims ................................................................................. 4

    B.    Adeia Fails to Plausibly Plead That the Method Claims Are Performed By or Attributable to AMD ....................................................................... 4

    C.    Adeia Fails to Identify Accused Features of Accused Products ............................ 6

        1.    Exemplary System Claim: '010 Patent, Claim 1 ............................................... 7

        2.    Exemplary Method Claim: '639 Patent, Claim 9............................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) ................................................................ 4, 5

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
   2022 WL 610796 (E.D. Tex. Jan. 24, 2022) .......................................... 10

*De La Vega v. Microsoft Corp.*,
   2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................................ 6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ................................................................. 7

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ............................................................... 3, 8

*Lone Star Tech. Innovations, LLC v. ASUSTeK Comput. Inc.*,
   2020 WL 6803249 (E.D. Tex. Jan. 14, 2020) ........................................ 5

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) ................................................................. 4

*Mullen Indus. LLC v. Samsung Elecs. Co., Ltd.*,
   2024 WL 4870768 (E.D. Tex. Nov. 21, 2024) ........................................ 5

*Palisade Techs., LLP v. Micron Tech., Inc.*,
   No. 7-24-cv-00262 (W.D. Tex. July 24, 2025) ................................. 3, 7, 8

*Vervain, LLC v. Micron Tech., Inc.*,
   2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ........................................... 10

**Other Authorities**

Advanced Micro Devices, Inc., Annual Report (Form 10-K) at 20 (Feb. 5, 2025),
   available at https://ir.amd.com/financial-information/sec-
   filings/content/0000002488-25-000012/0000002488-25-000012.pdf. ...................................... 6

## I.    <u>INTRODUCTION</u>

Adeia's Opposition mischaracterizes its own Complaint and repeatedly shifts or adds new theories that appear nowhere in the pleadings.  Although Adeia is free to abandon claims it no longer views as viable, it may not salvage a deficient Complaint by introducing new allegations or infringement theories for the first time in its Opposition.  And with or without these new arguments, Adeia's infringement claims remain facially deficient and should be dismissed.

Adeia effectively concedes its pre-suit willful and induced infringement claims.  Adeia does not meaningfully respond to AMD's arguments about either claim.  Dkt. 31 at 4–7.  Instead, Adeia asserts that it "did not expressly plead" these theories in the first place.  *Id*. at 5, 7.  That concession warrants dismissal of any pre-suit willful and induced infringement claims.

Adeia's direct infringement claims fare no better.  In tacit recognition of the Complaint's deficiencies, Adeia presents new factual allegations and infringement theories that are wholly absent from the Complaint.  *See, e.g.*, Dkt. 31 at 13 (adding a new joint enterprise theory); *id*. at 10 (mapping "the first cache" limitation to the "IOD cache" for the first time).  These additions are procedurally improper.  *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (explaining that a Rule 12(b)(6) motion considers only the complaint and documents attached to or referenced therein).  Even if these new allegations were considered, the Complaint's direct infringement claims remain deficient.  Adeia has not plausibly pleaded that any single entity performs or controls all steps of the asserted method claims, has failed to identify with specificity what accused components correspond to each claim element, and has not pleaded facts plausibly showing that any product is made using the claimed sequence of process steps.  At bottom, the Complaint should be dismissed because it does not "give the defendant[] notice of what activity is being accused of infringement."  *Palisade Techs., LLP v. Micron Tech., Inc.*, No. 7-24-cv-00262, Dkt. 55 at 2 (W.D. Tex. July 24, 2025).

## II.    ARGUMENT

### A.    Adeia Has Abandoned its Pre-Suit Willfulness and Pre-Suit Induced Infringement Claims

Adeia's Complaint plainly seeks relief broad enough to encompass pre-suit willful and induced infringement.  *See, e.g.,* Dkt. 1 at 81 (requesting a "judgment and order finding that AMD's infringement ***has been*** willful")[1]; *id*. at ¶ 101 (alleging that "AMD's infringement of the '378 patent ***has been*** willful and egregious and continues to be willful and egregious").  After AMD's Motion identified multiple defects in these pre-suit claims (*see* Dkt. 29 at 7–9), Adeia's Opposition reverses course, asserting that Adeia "did not expressly plead" pre-suit claims in the first place.  Dkt. 31 at 5, 7.  That position amounts to an abandonment of any pre-suit willfulness or inducement claims.  Because Adeia does not attempt to defend the sufficiency of any pre-suit allegations, the Complaint's pre-suit willfulness and inducement claims should be dismissed.

### B.    Adeia Fails to Plausibly Plead That the Method Claims Are Performed By or Attributable to AMD

Adeia fails to plausibly allege that "all steps of a claimed method are performed by or attributable to" AMD, a threshold requirement for pleading of a method claim under 35 U.S.C. §271(a).  *Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1022 (Fed. Cir. 2015).

First, Adeia has not plausibly pleaded that AMD directs or controls any third party's performance of the asserted method claims.  Although Adeia broadly alleges that AMD has "arrangements," "agreements," or "joint ventures" with a mix of named and unnamed third parties (Dkt. 1 at ¶¶ 50–60), it alleges no facts supporting "a reasonable inference that ***each claim step*** … should be attributed to" AMD.  *Lyda v. CBS Corp*., 838 F.3d 1331, 1340 (Fed. Cir. 2016).  Allegations of general business relationships alone are insufficient.  *See Lone Star Tech.*

---

[1] All emphasis added unless otherwise noted.

*Innovations, LLC v. ASUSTeK Comput. Inc.*, 2020 WL 6803249, at \*6–7 (E.D. Tex. Jan. 14, 2020) (finding plaintiff's allegation that defendant "contracts and/or enter into agreements with other parties" insufficient as the complaint "does not provide any factual support: no example contracts, no example agreements and no terms suggesting control"). The Complaint does not allege facts showing that AMD directs or controls third parties' performance of the specific, ordered steps required by the asserted claims, including steps that must occur "before," "after," or "concurrently" with other steps. *See* '378 Patent, Cl. 1; '639 Patent, Cl. 9; '226 Patent, Cl. 1.

Second, Adeia's belated attempt to add a joint enterprise theory through its Opposition fails. *See* Dkt. 31 at 13. The term "joint enterprise" never appears in the Complaint. *See generally* Dkt. 1. More importantly, the Complaint does not plead even the barebones elements of a joint enterprise theory, much less facts supporting them. A joint enterprise "requires proof of four elements," including, for example, "an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Akamai*, 797 F.3d at 1023. The Complaint does not address this element at all. As such, Adeia's joint enterprise arguments should be disregarded. *See Mullen Indus. LLC v. Samsung Elecs. Co., Ltd*., 2024 WL 4870768, at \*3 (E.D. Tex. Nov. 21, 2024) (disregarding Plaintiff's joint enterprise theory that is "contained only in its opposition" and without factual support for a required element).

Third, the Complaint does not—and cannot—allege that AMD directly performs the claimed manufacturing steps. Instead, it affirmatively relies on the performance of manufacturing and packaging steps by third parties. *See, e.g*., Dkt. 1 ¶ 50 ("AMD has foundry arrangements" "for the production of wafers" and "for the production of its integrated circuits"). In response to AMD's Motion, Adeia now shifts theories, asserting in its Opposition that the "Complaint alleges that AMD makes the Accused Products." Dkt. 31 at 12. But the Opposition cites only boilerplate

language in the Complaint (*see, e.g.*, Dkt. 1 at ¶ 20), not any factual allegation that AMD itself performs manufacturing steps.  This Court has cautioned that where a plaintiff shifts from alleging third-party performance to defendant-only performance—previously mentioned only as "part of a long boilerplate sentence of potential infringing actions"—such a drastic change "calls into question whether or not Plaintiff complied with the requirements of Rule 11."  *De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *4, n. 4 (W.D. Tex. Feb. 11, 2020).

As the Complaint itself concedes, AMD outsources wafer manufacturing, assembly, and testing to third party foundries and vendors.  *See* Dkt. 1 at ¶¶ 51–53.  Yet Adeia's method claims are directed, at least in part, to manufacturing activities.  *See* Dkt. 31 at 12 (discussing "the accused manufacturing processes").  For those claims, the Complaint alleges only in passive terms that the accused products are "made in accordance" with the claimed steps, without alleging that AMD itself performs any of those steps.  *See, e.g.*, Dkt. 1 at ¶¶ 80–91.  Those allegations do not support a reasonable inference that AMD—a fabless company without manufacturing facilities[2]— performs the claimed methods and processes.

As Adeia has not plausibly alleged that each step of the accused method claims was performed by or is attributable to AMD, the method claim allegations should be dismissed.

### C.     Adeia Fails to Identify Accused Features of Accused Products

For both the asserted method and system claims, the Complaint fails to identify any accused features of the accused products.  Adeia's Opposition instead relies on the length of the Complaint ("more than eighty pages") and the purported resolution of its microscopy images ("at a scale of 1/10,000,000 of a meter").  *See* Dkt. 31 at 1, 8.  But neither the volume of the allegations nor the

---

[2] Advanced Micro Devices, Inc., Annual Report (Form 10-K) at 20 (Feb. 5, 2025) ("We utilize third-party wafer foundries to fabricate the silicon wafers ***for all of our products***."), available at https://ir.amd.com/financial-information/sec-filings/content/0000002488-25-000012/0000002488-25-000012.pdf.

resolution of Adeia's microscope cures the absence of substantive factual allegations. Indeed, Adeia's Opposition concedes that, "at the pleading stage," a plaintiff must "identify[] *a particular feature* in a particular accused product." Dkt. 31 at 11. The Complaint does not do so. Instead, it largely repeats the asserted patents' claim language and inserts unannotated images without linking any "particular feature" in those images to the asserted claim limitations. Adeia's reliance on *Disc Disease Sols. Inc. v. VGH Sols., Inc.* is misplaced because that case "involve[d] a simple technology." 888 F.3d 1256, 1260 (Fed. Cir. 2018). Distinguishing *Disc Disease*, this Court has held that pleadings in complex semiconductor cases "often require more detailed allegations." *Palisade*, No. 7-24-cv-00262, Dkt. 55 at 3. Adeia has not provided the level of detail required under this Court's precedents, and its claims should be dismissed.

### 1. Exemplary System Claim: '010 Patent, Claim 1

Among other deficiencies, the Complaint fails to identify which features of the accused products allegedly satisfy the "first processor core" and "first cache" limitations of the '010 Patent:

| '010 Patent, Claim 1 | Adeia's Allegations (Dkt. 1, ¶¶ 151–152) |
|---|---|
| "Claim 1 of the '010 patent recites: 'and wherein the first processor core is electrically connected to the first cache through at least one of the plurality of directly bonded metal contact pads disposed within the overlapping area.'" (Dkt. 1 ¶ 151). | "The AMD HB Products comprise this element.<br><br>The AMD MI300A product comprises the first processor core electrically connected to the first cache through at least one of the plurality of directly bonded metal contact pads disposed within the overlapping area."<br><br><br>Source: Samuel K. Moore, *AMD's Next GPU Is a 3D-Integrated Superchip*, Inst. Elec. & Elecs. Eng'rs (Dec. 6, 2023). https://spectrum.ieee.org/amd-mi300.<br><br><br>Source: *AMD CDNA™ 3 Architecture*, AMD. https://www.amd.com/content/dam/amd/en/documents/instinct-tech-docs/white-papers/amd-cdna-3-white-paper.pdf (last visited Oct. 31, 2025). |



Source: Marco Chiappetta, *AMD Instinct MI300 Series Architecture Deep Dive Reveal: Advancing AI And HPC*, HotHARDWARE (Dec. 6, 2023 at 15:00 EDT), https://hothardware.com/reviews/amd-instinct-mi300-family-architecture-advancing-ai-and-hpc.

    The images cited in the Complaint depict a product containing numerous distinct components, including HBM, Carrier Si, XCD, CCD, DMY, IOD, Carrier Si, and Interposer. Rather than "pinpointing exemplary infringing structures" as the Opposition claims (Dkt. 31 at 11), the Complaint provides no mapping at all, leaving AMD to guess which component is accused as "the first processor core" and which is accused as "the first cache." This omission falls well short of the pleading standard's requirement to "map the claim elements" to "specific feature[s] of the accused products." *Palisade*, No. 7-24-cv-00262, Dkt. 55 at 4.

    Recognizing this failure, Adeia's Opposition supplies the missing mapping for the first time, asserting that that " the first cache (***e.g., IOD cache***) vertically overlaps with at least a portion of the first processor core (***e.g., XCD or CCD processor cores***)." Dkt. 31 at 10. But none of these allegations appear in the Complaint. The Complaint never identifies the IOD as the "first cache," never identifies the XCD or CCD as the "first processor core," and never identifies what portion of the IOD purportedly contains cache memory that allegedly overlaps with any processor core in the XCD or CCD. Adeia cannot cure its pleading deficiencies by introducing new factual allegations for the first time in its Opposition. *See Lone Star Fund*, 594 F.3d at 387. Adeia's arguments for the remaining system claims fail for the same reasons. *See* Dkt. 31 at 8–9 (failing to identify what components qualify as the "insulating liner" and "endwall" of the '592 Patent).

2.    **Exemplary Method Claim: '639 Patent, Claim 9**

Similarly, the Complaint fails to identify the structural elements recited by the asserted method claims or plead facts demonstrating performance of the claimed sequence of steps. For example, with respect to the '639 Patent, The Complaint does not identify the "first/second mandrels" and "spacers," nor plausibly allege that any "spacers" are "concurrently formed":

| '639 Patent, Claim 9 | Adeia's Allegations (Dkt. 1, ¶¶ 217–218) |
|---|---|
| "Claim 9 of the '639 patent recites: 'concurrently forming spacers on first mandrels corresponding to the first mandrel pattern and second mandrels corresponding to the second mandrel pattern, wherein the first and second mandrels are disposed in the semiconductor region in a same layer above a substrate; and.'" (Dkt. 1, ¶ 217). | "The Accused APN Products made with 5nm and/or 4nm node processes are made in accordance with this element<br><br>Analysis of the AMD Ryzen™ 7600X shows that it is constructed by concurrently forming spacers on first mandrels and second mandrels that is subsequently transferred to a fin pattern in the final product." |

The images cited by the Complaint depict unlabeled, overlapping gray shapes without any annotation or explanation. Adeia's pleadings do not identify what shapes correspond to the "mandrels" and "spacers," let alone distinguish between the "first mandrels" and the "second mandrels." Worse still, if these images were taken from AMD's finished products—as Adeia's Opposition asserts (*see* Dkt. 31 at 8)—then the claimed "mandrels" could not appear in the images at all, because the asserted method claim expressly requires "***removing the first and second mandrels to form an intermediate fin pattern***" in a subsequent step. *See* Dkt. 1 at ¶¶ 219–220. The Complaint offers no explanation for how images of finished products could reveal the existence of temporary structures that were allegedly formed and then removed. Indeed, Adeia's allegations

are facially implausible because the Complaint relies on the same images to allege both the presence of the "mandrels" and their removal. *Compare id*. at ¶¶ 213–216 *with* ¶¶ *id*. at 219–220.

The Complaint likewise provides no factual support for the assertion that "spacers" are "concurrently formed." Adeia never identifies what structures qualify as "spacers," much less showing that those structures were formed concurrently rather than sequentially. Accordingly, Adeia's direct infringement pleading amounts to mere conclusory allegation and should be dismissed. *Vervain, LLC v. Micron Tech., Inc*., 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022).

Adeia attempts to gloss over these deficiencies by arguing that "the Complaint explains that analysis reveals first and second mandrel patterns" and that "AMD may dispute that analysis, but disagreement is not a basis for dismissal." Dkt. 31 at 16. But there is no "analysis" in the Complaint. *See* Dkt. 1 at ¶¶ 217–218. AMD does not seek dismissal based on a disagreement over image interpretation; it seeks dismissal because Adeia provides ***no interpretation*** at all. Adeia's arguments for the remaining method claims fail for the same reasons. *See* Dkt. 31 at 14–15 (failing to allege the sequence of filling via before forming contacts for the '378 Patent); *id*. at 17–18 (failing to allege thinning after bonding required by the '226 Patent); *id*. at 18–19 (for the '446 Patent, Adeia does not dispute that the cited "SAQP process flow" sequence is unrelated to AMD).

Adeia's Complaint does not identify the accused features of the accused products; therefore, it does not put AMD on notice of its direct infringement claims. *See Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 2022 WL 610796, at *3 (E.D. Tex. Jan. 24, 2022). Although Adeia attempts to cure these defects by improperly adding new theories and allegations in its Opposition, the Complaint remains deficient and should be dismissed.

Dated:  January 29, 2026                    Respectfully submitted,

                                            /s/ Ryan K. Yagura
                                            Ryan K. Yagura (Texas Bar No. 24075933)
                                            ryagura@omm.com
                                            Nicholas J. Whilt *(Pro Hac Vice)*
                                            California State Bar No. 247738
                                            nwhilt@omm.com
                                            Xin-Yi Zhou (Texas Bar No. 24127916)
                                            vzhou@omm.com
                                            **O'MELVENY & MYERS LLP**
                                            400 S. Hope Street
                                            Los Angeles, CA 90071
                                            Telephone: 213-430-6000

                                            Darryl J. Adams (Texas Bar No. 00796101)
                                            dadams@sgbfirm.com
                                            **SLAYDEN GRUBERT BEARD LLP**
                                            410 Congress Avenue, Suite 1650
                                            Austin, TX 78701
                                            Telephone: 512-402-3562

                                            ***Attorneys for Defendant Advanced Micro Devices, Inc.***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 29, 2026.  Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

*/s/ Ryan K. Yagura*
Ryan K. Yagura